**RAYBURN et al. v. HARRISON et al.**

No. 5028.

Court of Civil Appeals of Texas.

El Paso.

June 2, 1954.

Rehearing Denied June 23, 1954.

Charles L. Klapproth and Stubbeman, McRae & Sealy, Midland, for appellants.

Turpin, Kerr & Smith, Frank C. Ashby and Frank Bezoni, Midland, for appellees.

McGILL, Justice.

This is an appeal from a judgment disposing of two separate suits which were filed in the District Court of Midland County and were by order of that court consolidated. Cause No. 6674 was a suit filed by Sylvia A. Holiman against H. L. Hap Harrison et al., in the statutory form of trespass to try title to the S.E. ¼ of Section 22, Block 39, Township 2 S., T. & P. Ry. Co. Survey, Midland County. Cause No. 6675 was a suit filed by Alice Ida Rayburn against H. L. Hap Harrison et al., in the statutory form of trespass to try title to the North ½ and the S.W. ¼ of said Section 22 in Block 39, Township 2 S., T. & P. Ry. Co. Survey, Midland County.

Trial was to the court without a jury and resulted in a judgment that plaintiffs in each of said styled and numbered cause take nothing as against the defendants therein. The court incorporated findings of fact and conclusions of law in the judgment.

The substance of the findings is: (1) That W. C. Rayburn and wife, Dora Rayburn, were the common source of title to the property in question; that W. C. Rayburn and wife Dora Rayburn each died intestate and were survived by W. D. Rayburn, a son, and Dilly Morrison, a daughter, whose husband was J. T. Morrison; (2) that Dilly Morrison died intestate on January 12, 1925, at approximately 10 o'clock a. m., and J. T. Morrison, her husband, died testate at approximately 6 o'clock p. m. on the same day. That no children were born to Dilly Morrison and her husband and no child or children were adopted by them; (3) that J. T. Morrison left a will by which he devised all of his estate to the children of Tom Morrison, Jr., and said will was duly probated; (4) that at the time of the death of W. C. Rayburn, W. D. Rayburn resided upon the lands in controversy; that prior to the death of Dora Rayburn, W. D. Rayburn married Alice Ida Rayburn and they continued to reside upon the lands in controversy and were residing thereon at the date of the death of Dora Rayburn; that W. D. Rayburn and wife Alice Ida Rayburn made improvements on the lands in controversy, paid the taxes and collected all income therefrom; that the children of Tom Morrison who were devisees under the will of J. T. Morrison never resided upon any part or portion of the lands in controversy, paid no taxes thereon and made no demand for possession of any part thereof; (5) On December 9, 1930, after the dates of the deaths of W. C. Rayburn, Dora Rayburn, Dilly Morrison and husband J. T. Morrison, W. D. Rayburn qualified as administrator of the estates of W. C. Rayburn, Dora Rayburn and Dilly Morrison; that W. D. Rayburn was

the duly qualified and acting administrator of the estates aforesaid from December 9, 1930 to date of his death on July 9, 1950; (6) There was no change in the possession of the lands in controversy from the date of the death of Dora Rayburn to the date of the death of W. D. Rayburn on July 9, 1950; W. D. Rayburn and wife Alice Ida Rayburn were residing upon said lands at the time of the death of Dora Rayburn and continued to reside thereon to the date of the death of W. D. Rayburn and Alice Ida Rayburn, the surviving widow of W. D. Rayburn, has continued to live on said lands down to and including the date of the trial; (7) W. D. Rayburn as administrator, pursuant to the authority of the Probate Court, sold the S.W. ¼ of Section 22, Block 39, to his wife, Alice Ida Rayburn, by deed dated April 16, 1931, for the purpose of paying debts of the estate of W. C. Rayburn, Dora Rayburn and Dilly Morrison, such debts being due and owing W. D. Rayburn, the administrator; that the remaining three-fourths of Section 22 above described is the land in actual controversy in this law suit; (8) Zilpha F. Morrison was appointed trustee for the children of Tom Morrison under the will of J. T. Morrison. Alice Ida Rayburn testified that in the early spring of 1929 she overheard a conversation between W. D. Rayburn, her deceased husband, and Zilpha F. Morrison, in which W. D. Rayburn told Zilpha F. Morrison in effect that she nor the children, heirs of Tom Morrison, Jr., had any interest in the lands in controversy, but that he, W. D. Rayburn, was the owner thereof; (9) that there was no evidence in the record to show who the heirs of Tom Morrison, Jr. were, or that they ever knew or were apprised of the denials of their interest in said property by W. D. Rayburn.

The court concluded: (1) That upon the death of W. C. Rayburn and wife, Dora Rayburn, W. D. Rayburn and Dilly Morrison, as their sole surviving heirs, each became owners of an undivided one-half of the land in question; (2) that Dilly Morrison having died approximately eight hours prior to the death of her husband, J. T. Morrison, intestate and without issue,

and without having adopted any child or children, her estate was inherited one-half by her surviving husband, J. T. Morrison, and one-half by her surviving brother, W. D. Rayburn; (3) that J. T. Morrison died testate, and under the terms of his will his property was left to the heirs of Tom Morrison, Jr., deceased, and they became the owners and holders of an undivided one-fourth interest in the lands in controversy; (4) that in less than two years after the deaths of Dilly Morrison and J. T. Morrison on December 9, 1930, W. D. Rayburn qualified as administrator of the estates of W. C. Rayburn, Dora Rayburn and Dilly Morrison, and this administration continued in force and was not closed to the date of the death of W. D. Rayburn on July 9, 1950; that by reason of W. D. Rayburn being in possession in the capacity as an heir and as administrator of the estates aforesaid he could not as a matter of law hold and claim title adversely to the heirs of Tom Morrison, Jr. for the reason that the possession of administrator was the possession of the Probate Court of Midland County, Texas, and W. D. Rayburn as administrator of said estates being under such disability as a matter of law could not claim and hold title adversely to the children and heirs of Tom Morrison, deceased; (5) that the testimony offered by Alice Ida Rayburn, the surviving widow and sole devisee of W. D. Rayburn, as to the conversation which she overheard by and between W. D. Rayburn and Zilpha F. Morrison is inadmissible under Art. 3716 of the Revised Civil Statutes; (6) that the possession of W. D. Rayburn was inceptively permissive by reason of his ownership of an undivided three-fourths interest in the lands in controversy and coupled with the fact that he was administrator of the estates aforesaid his possession was not adverse to the co-tenants' possession; that as a matter of law the possession, use and occupancy of W. D. Rayburn being inceptively permissive as a co-tenant owning an undivided three-fourths interest therein and he being the duly qualified and acting administrator of the estates aforesaid, his possession being the possession of the court and the lands and premises involved being in custodia

legis from December 9, 1930 to July 1950 was insufficient upon which plaintiffs could predicate a claim of title as against co-tenants out of possession under any of the several statutes of limitations of the State of Texas, and the court having so found and concluded, granted the judgment indicated.

It appears without controversy that on October 24, 1950, Alice Ida Rayburn purported to convey the S.E. ¼ of Section 22, Block 39, Township 2 S., T. & P. Ry. Co. Survey, Midland County, to Sylvia A. Holiman. It also appears that W. D. Rayburn left a holographic will which was admitted to probate, by which he left everything he had to his wife, Alice Ida Rayburn. It is therefore apparent from a careful analysis of the above findings that the record title to the property in controversy is vested as follows: Sylvia A. Holiman, a three-fourths undivided interest in the S.E. ¼ of Section 22, Block 39, Township 2 S., T. & P. Ry. Co. Survey, Midland County; Alice Ida Rayburn a three-fourths undivided interest in the North ½ of said Section 22 and all of the S.W. ¼ of said Section 22; the Morrison heirs a one-fourth undivided interest in the S.E. ¼ and the North ½ of said Section 22.

■■■■ The appellants sought to establish title to the outstanding record title of the Morrison heirs by adverse possession. They pled the 3, 5, 10 and 25 years Statute of Limitation, but rely principally upon the ten year statute. It is their contention that the possession of W. D. Rayburn was such as to ripen into title under the ten year statute. Appellees, on the other hand, contend that since the possession held by W. D. Rayburn was held by him either as a co-owner or as administrator of the estates of his father, mother and his sister, that he could not acquire title by possession to any property belonging to the estates which he represented as administrator, so long as the administration had not been closed, and further that there was no evidence of notice of his adverse holding to the trustee for the Morrison heirs or to the heirs so as to bring home to them the fact that he was claiming adversely to them. Art. 3579, R.C.S. pro-

vides that no executor or administrator shall buy the estate of his testator or intestate or any part thereof, or become the purchaser either directly or indirectly of any property of the estate sold by him, and that if he should either directly or indirectly become such purchaser, upon the written complaint of any person interested in the estate and proof of such complaint, such sale should be declared void by the County Judge, and such executor or administrator decreed to hold the property so purchased in trust as assets of the estate. This statute evidences the public policy of this State that no administrator shall be permitted to acquire title to any property of the estate he represents during the administration. Since it is clearly the public policy of this state that an administrator shall not be permitted to acquire title to the property of the estate he represents by purchase, we think it must necessarily follow that it would be against the public policy of the state to permit him to acquire title to the property of the estate he represents during the administration by adverse possession. Every reason that we can think of that would prohibit such acquisition by purchase we think is equally applicable to the acquisition by adverse possession. Therefore, it is our opinion that regardless of the question of notice of any adverse claim, W. D. Rayburn could not acquire title to any property belonging to the estates of W. C. Rayburn, Dora Rayburn and Dilly Morrison so long as he was administrator of such estates, by any adverse possession, and that the trial court correctly so held. This renders it unnecessary to authoritatively determine the points relating to the admissibility of the testimony of Mrs. Rayburn as to the conversation which she heard between her husband and Zilpha F. Morrison.

■■■■ However, the judgment of the trial court is erroneous insofar as it adjudicated that plaintiffs take nothing against the defendants. The effect of such judgment is to transfer whatever title the plaintiffs may have had in the land in controversy to the defendants. It is conceded by all parties that there was no attack on the title of plaintiffs except as to the one-fourth inter-

est which appeared of record to be in the Morrison heirs. Therefore, the judgment of the trial court is reformed so as to adjudicate that the plaintiff Sylvia A. Holiman do have and recover of defendants an undivided three-fourths interest in the S.E. ¼ of Section 22, Block 39, Township 2 S., T. & P. Ry. Co. Survey, Midland County, Texas, and that the plaintiff Alice Ida Rayburn do have and recover of and from the defendants an undivided three-fourths interest in and to the North ½ of said Section 22, and that she do have and recover from the defendants the title and possession of the S.W. ¼ of said Section 22; and that Jean M. Shepard, Dorothy M. Currie, Jack Morrison, Edward D. Morrison, Charles C. Morrison and Tom Morrison, Jr., the children of Tom Morrison, Jr., deceased, do have and recover title to an undivided one-fourth interest in the North ½ and the Southeast ¼ of said Section 22; and that as so reformed the judgment be and the same is hereby in all respects affirmed.

HAMILTON, C. J., did not participate.